IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LEONARDO BORGES-SANTIAGO, et al.,<br><br>Plaintiffs<br><br>v.<br><br>AMERICAN AIRLINES, INC., et al.,<br><br>Defendants | CIVIL NO. 09-2093 (JP) |

**OPINION AND ORDER**

Before the Court is Defendant American Airlines, Inc.'s ("American") motion to dismiss (**No. 6**) for Plaintiffs' failure to state a cause of action.  Said motion is unopposed.  Plaintiffs brought this action pursuant to: (1) the Convention for the Unification of Certain Rules for International Carriage by Air, done in Montreal Canada on May 28, 1999 ("Montreal Convention"); (2) the Convention for the Unification of Certain Rules for International Carriage by Air, done in Warsaw, Poland in 1929 ("Warsaw Convention"); (3) 10 U.S.C. § 1095; (4) the Medical Care Recovery Act, 42 U.S.C. §§ 2651-2653; and (5) Article 1802 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31, § 5141.  For the reasons stated herein, Defendant's motion to dismiss is hereby **GRANTED**.

**I.   FACTUAL ALLEGATIONS**

Plaintiffs in this case are Leonardo Borges-Santiago, Karen Rivera-Echevarría, and their minor child KLB-R.  On October 26, 2007,

CIVIL NO. 09-2093 (JP)          -2-

Plaintiffs were traveling from New York, N.Y. to San Juan, P.R. via airplane. Plaintiffs were on flight number 1639 and the airplane was owned and operated by Defendant American. Once the airplane landed in Puerto Rico, the signs for unbuckling seatbelts were turned on. As such, the passengers were authorized to remove their seatbelts, stand up, and exit the aircraft.

Plaintiffs were preparing to leave the aircraft when suddenly the airplane moved. The movement caused Plaintiff KLB-R to fall down and hit his head on the armrest of one of the airplane seats. KLB-R suffered head trauma, cuts, and bruises, and was taken to a medial facility. At said medical facility, he was treated and given four stitches. After the accident, Plaintiffs filed the instant complaint.

## II.  **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The First Circuit Court of Appeal has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the

CIVIL NO. 09-2093 (JP)          -3-

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

### III. ANALYSIS

Defendant moves for the Court to dismiss the complaint against it, arguing that Plaintiffs failed to plead sufficient facts to state a cause of action under the Montreal Convention, the Warsaw Convention, 10 U.S.C. § 1095, and the Medical Care Recovery Act. As such, Defendant argues that there is no federal question jurisdiction and the case should be dismissed. The Court will now consider Defendant's arguments.

#### A. International Law

The Montreal Convention[1] is an international treaty ratified by the United States, which became effective in 2003. Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., 522 F.3d 776, 781 (7th Cir. 2008). Said treaty governs the rights and liabilities of international air carriers and passengers. The Montreal Convention superceded and

---

1. Convention for the Unification of Certain Rules for International Carriage by Air, opened for signature May 28, 1999, ICAO Doc. 9740 (entered into force on November 4, 2003), *reprinted in* S. Treaty Doc. No. 106-45, 199 WL 33292734 (2000).

CIVIL NO. 09-2093 (JP)        -4-

replaced the earlier Warsaw Convention.[2]  See id. at 779-81 (explaining the history of the Warsaw and Montreal Conventions). Defendant argues that Plaintiffs have failed to state a claim under the both the Warsaw Convention and the Montreal Convention.

### 1. Warsaw Convention

Defendant argues that Plaintiffs have failed to state a claim under the Warsaw Convention because the Warsaw Convention only applies to actions prior to the adoption of the Montreal Convention. The Court agrees with Defendant that Plaintiff cannot bring a claim under the Warsaw Convention. The Montreal Convention superceded the Warsaw Convention in 2003. See id. Since the incident giving rise to this complaint occurred after 2003 and on October 26, 2007, the Court determines that Plaintiff cannot bring a claim under the Warsaw Convention.

### 2. Montreal Convention

Article 1 of the Montreal Convention states that the Convention applies to all international carriage of persons, cargo or baggage performed by aircraft. Also, said Article states that International Carriage is defined as:

> any carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage or a transhipment, are situated either within the

---

2. Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), *reprinted in* 49 U.S.C. § 1502 (1970).

CIVIL NO. 09-2093 (JP)          -5-

>    territories of two States Parties, or within the territory
>    of a single State Party if there is an agreed stopping
>    place within the territory of another State, even if that
>    State is not a State Party.  Carriage between two points
>    within the territory of a single State Party without an
>    agreed stopping place within the territory of another
>    State is not international carriage for the purposes of
>    this Convention.

Defendant argues that the flight that led to the instant complaint does not qualify as an "international carriage" because Plaintiffs did not allege that they were in the process of embarking or disembarking a flight between two or more signatory countries to the Convention as required by the Montreal Convention.  After considering the argument, the Court agrees with Defendant.  Plaintiffs have only alleged that they were in the process of disembarking a domestic flight between an airport in New York and San Juan, Puerto Rico.  Plaintiffs have also not alleged that their flight had a stopover at an international airport of another country before reaching Puerto Rico.  As such, Plaintiffs have failed to allege that their flight from New York to Puerto Rico falls within the definition of an "international carriage." Accordingly, the Court determines that Plaintiffs have failed to state a cause of action under the Montreal Convention.

### B.    **10 U.S.C. § 1095 and Medical Care Recovery Act**

Plaintiffs in the instant case also claim jurisdiction under 10 U.S.C. § 1095 ("Section 1095") and the Medical Care Recovery Act,

CIVIL NO. 09-2093 (JP)          -6-

42 U.S.C. §§ 2651-2653 ("Medical Care Recovery Act"). Section 1095(a)(1) states:

> In the case of a person who is a covered beneficiary, the United States shall have the right to collect from a third-party payer reasonable charges for health care services incurred by the United States on behalf of such person through a facility of the uniformed services to the extent that the person would be eligible to receive reimbursement or indemnification from the third-party payer if the person were to incur such charges on the person's own behalf.  If the insurance, medical service, or health plan of that payer includes a requirement for a deductible or copayment by the beneficiary of the plan, then the amount that the United States may collect from the third-party payer is a reasonable charge for the care provided less the appropriate deductible or copayment amount.

The Medical Care Recovery Acts states:

> In any case in which the United States is authorized or required by law to furnish or pay for hospital, medical, surgical, or dental care and treatment (including prostheses and medical appliances) to a person who is injured or suffers a disease, after the effective date of this Act, under circumstances creating a tort liability upon some third person (other than or in addition to the United States and except employers of seamen treated under the provisions of section 249 of this title) to pay damages therefor, the United States shall have a right to recover (independent of the rights of the injured or diseased person) from said third person, or that person's insurer, the reasonable value of the care and treatment so furnished, to be furnished, paid for, or to be paid for and shall, as to this right be subrogated to any right or claim that the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors has against such third person to the extent of the reasonable value of the care and treatment so furnished, to be furnished, paid for, or to be paid for.  The head of the department or agency of the United States furnishing such care or treatment may also require the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors, as appropriate, to

CIVIL NO. 09-2093 (JP)            -7-

>     assign his claim or cause of action against the third
>     person to the extent of that right or claim.

42 U.S.C. § 2651(a).

Defendant in the instant case argues that Plaintiffs failed to state a cause of action under both statutes because Plaintiffs have failed to plead that they have standing to bring the instant claim. Defendant's assertion is correct because the statutes expressly give standing to sue only to the United States.  Section 1095 only gives standing to the United States when it states "the United States shall have the right to collect[.]" Similarly, the Medical Care Recovery Act gives standing to the United States when it states "the United States shall have a right to recover[.]" Since Plaintiffs have failed to plead that they have standing to sue on behalf of the United States and have failed to point to any other part in the statutes that would provide them with standing, the Court determines that Plaintiffs have failed to state a cause of action under 10 U.S.C. § 1095 and the Medical Care Recovery Act, 42 U.S.C. §§ 2651-2653.

### C. **Puerto Rico Law Claims**

Plaintiffs also bring claims arising under Puerto Rico law. Dismissal of pending state law claims is proper because an independent jurisdictional basis is lacking. Exercising jurisdiction over pendent state law claims once the federal law claims are no longer present in the lawsuit is discretionary. See Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991) (holding that "[t]he power

CIVIL NO. 09-2093 (JP)          -8-

of a federal court to hear and to determine state-law claims in nondiversity cases depends upon the presence of at least one 'substantial' federal claim in the lawsuit . . . [and] the district court has considerable authority whether or not to exercise this power, in light of such considerations as judicial economy, convenience, fairness to litigants, and comity[]").

In the instant case, the Court chooses not to hear the state law claims brought by Plaintiffs. Therefore, the Court will dismiss the state law claims without prejudice.

## IV. **CONCLUSION**

Thus, the Court holds that the complaint should be dismissed for failure to state a cause of action. In accordance with this Opinion and Order, the Court will enter a separate judgment.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of February, 2010.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE
